*1345 OPINION.
Teammell :
The petitioners; contend that the cost of the organ and the amount of the trust fund set aside for its maintenance are deductible under section 214 (a) of the Revenue Act of 1918. That section of the statute is as follows :
(a) That in computing net income there shall be allowed as deductions : * * *
(11) Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act, to an amount not in excess of 15 per centum of the taxpayer’s net income as computed without the benefit of this paragraph. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. In the case of a non resident alien individual this deduction shall be allowable only as .to contributions or gifts made to domestic corporations, or to such vocational rehabilitation fund.
The Commissioner disallowed the deductions claimed, upon the ground that the statute made no provision for such a deduction in that the gifts were not to a corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals.
The Revenue Act of 1921, section 214 (a) (11), provides as follows:
Contributions or gifts made within the taxable year to or for the use of: (A) The United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, or exclusively for public purpose's. * * *
The above provision of the 1921 Act was not contained in the Revenue Act of 1918. The taxpayer contends that this provision *1346 which was added in the 1921 Act was interpretative and not an enlargement of the same section of the 1918 Act.
We are unable to agree with the taxpayer’s contention. The deductions allowed on account of charitable contributions are purely statutory, and the Board can not supply an omission in the statute. It is clear that a municipal coi'poration is not a corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, and we must interpret the statute as we find it. Its language is clear and unambiguous and leaves no room for doubt or the application of any rules of construction applicable to doubtful statutes. The gifts made by the decedent are not deductible under the Revenue Act of 1918.
The deficiencies are redeternvined to he $6fi91¡..60 for the fiscal year ending March 31, 1919, and $3,126.99 for the fiscal year ending March 31,1920. Order will he entered accordingly.